The judgment of the court was pronounced by
Preston, J.
It has been established in this case, beyond doubt, by the testimony of Michel, Burns, Heffernan, and others, that the jury separated after being sworn in the case, indulged in a crowd in taking refreshments at a bar in the vicinity of the court-house, and were not at the time in the charge of the sheriff or one of his officers. The district judge stated, that there was *399 an irregularity in this respect, but that there was no suspicion that the jury had been, during the separation, improperly influenced or tampered with.
The accused being convicted, Desmond technically, and the Connors substantially, of manslaughter, applied for a new trial on account of this irregularity, which was refused, they were sentenced, and have appealed. As they acquiesced in the very temporary separation of the juiy, we should greatly doubt the propriety of granting a new trial, were it an original question in our courts. But the late court of errors and appeals in criminal cases decided, in the case of the State against Hornsby, that in capital Cases the jury should not be permitted to separate after they had been sworn, either with or without the consent of the prisoner. And it has become the established practice in the State, in capital cases, to keep the juiy in the charge of the sheriff, however long the trial might last. See also the case of the Commonwealth of Massachusetts v. Dr. Webster, 39.
It cannot be denied that this operates as a great hardship upon juries, and that in this enlightened age of confidence in our institutions, we might trust those who are charged with the life and liberty of the citizen, to exercise the solemn trust in a rational manner, and without the apprehension of their being corrupted, even by influence, or violating their oaths, to try the accused impartially, and decide according to the law and evidence. Indeed, there is no occasion in which we so much need the best exercise of our faculties, supported by regular rest and diet, as when called to decide upon the life and liberty of our fellow-man.
But, an enlightened court, organized for the very purpose of establishing uniform principles and practice in criminal matters, having decided that the separation of the juiy, without being in charge of a sworn officer, is fatal to the regularity of the proceedings in a capital case, limiting the decision to that case alone, and the inferior tribunals having in general conformed to the decision, and the Legislature, notwithstanding the hardship upon juries, and the apparent distrust of their independence and integrity, not having provided for their relief, we feel bound to follow the decision, and in this case to direct that the verdict be set aside, and a new trial granted, as was done in the case of the State against Hornsby, which was precisely similar to the present case.
The jury returned a verdict that Desmond was guilty of manslaughter, and that Edward and Owen Connor were accessories. There can be no accessories before the fact in manslaughter. The Connors were not charged as accessories after the fact, but as aiders and abettors of a murder. The jury, evidently, did not intend to acquit them, and yet have not found them guilty of a crime put in issue by the pleadings. The verdict is imperfect, or rather insensible, and is no bar to a further prosecution of the real crime of which they now stand charged. 2 P. Williams 439. Comyn’s Dig., Indictment N.
Desmond can only be prosecuted for manslaughter, having been substantially acquitted of murder. The Connors are charged to have aided, abetted, and assisted him in the act of which he is accused. If he be guilty of manslaughter, and they aided, abetted, and assisted him in the act, they should all be prosecuted together as principals, for the crime of manslaughter.
It is therefore ordered, that the judgment of the district court be reversed, the verdict of the jury be set aside, and that the accused be put upon their trial for manslaughter alone.